IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U. S. BANK, N.A., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2007 |
| | § | |
| TRACY D. SUTTLES, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This action to enforce certain guaranty obligations on alleged post-foreclosure deficiencies is before the Court on Plaintiff U.S. Bank, N.A.'s Renewed Motion for Partial Summary Judgment ("Renewed Motion") [Doc. # 36] and Motion to Strike Affidavit [Doc. # 33].[1] Defendant Tracy D. Suttles filed a Response [Doc. # 31] to the original Motion for Partial Summary Judgment, and Plaintiff filed a Reply [Doc. # 33].

The Court granted Defendant's Rule 56(f) request for additional time to conduct discovery and to respond to Plaintiff's motion. The Court ordered Defendant to

---

[1] Also pending is Plaintiff's Motion to Reinstate Pleadings [Doc. # 38]. The referenced pleadings, with the exception of Plaintiff's Motion for Partial Summary Judgment [Doc. # 28], have not been removed or otherwise deleted from the Court's docket and do not need to be "reinstated." Plaintiff has reurged its motion for partial summary judgment, which replaces the previously denied motion. Consequently, the Motion to Reinstate Pleadings [Doc. # 38] is **DENIED AS MOOT**.

respond to any renewed Motion for Partial Summary Judgment by July 28, 2008, and provided for any reply from Plaintiff to be filed by August 4, 2008. Plaintiff filed its Renewed Motion on July 7, 2008, Defendant filed his timely Response (titled "Sureply") [Doc. # 37] on July 25, 2008, and Plaintiff filed its timely Reply [Doc. # 38].[2]

The Court has carefully reviewed the full record in this case. Based on that review and the application of governing legal authorities, the Court **grants** Plaintiff's Renewed Motion.

## I.     BACKGROUND

In October 2000, Victoria TDS, L.P. ("Borrower") obtained a $2,940,000.00 loan from Morgan Guaranty Trust Company of New York ("Lender") evidenced by a Fixed Rate Note promising to repay the loan (the $2.9 Million Note") and secured by a Deed of Trust and Security Agreement ("October 2000 Security Agreement") involving three tracts of real estate in Victoria, Texas.

In November 2000, Borrower signed a second Fixed Rate Note promising to repay $316,000.00 (the "$316,000 Note"). In connection with this transaction, Borrower executed a Deed of Trust and Security Agreement ("the November 2000

---

[2]     Plaintiff in its Reply asks the Court to strike Defendant's "impermissible" sur-reply. Because Defendant's pleading is actually a response to the Renewed Motion for Partial Summary Judgment and was filed by the July 28, 2008 deadline for that response, the Court **denies** Plaintiff's Motion to Strike the "sur-reply."

Security Agreement") granting a security interest in an additional tract of real property in Victoria, Texas.

Defendant, President of Borrower's general partner, personally guaranteed payment and performance of Borrower's obligations under the two notes. *See* Guaranty dated October 4, 2000 and Guaranty dated November 10, 2000 (collectively, the "Guaranties"). Pursuant to the Guaranties, Defendant is required to pay any unpaid balance in the event of (a) fraud; (b) willful misconduct; (c) material misrepresentation; or (d) breach or default under Sections 4.3 or 8.2 of the security agreements.[3]

The two notes were assigned to State Street Bank and Trust Company of New York ("State Street Bank"), and Plaintiff is the successor in interest to State Street Bank.

Borrower defaulted on the two notes and the properties securing the notes were sold at foreclosure. Plaintiff now seeks to recover the outstanding deficiencies from Defendant under the Guaranties.

In the Renewed Motion, Plaintiff seeks summary judgment that Defendant is liable for any deficiency and that the amount of the outstanding deficiency is $893,454.81. The Renewed Motion is fully briefed and ripe for decision.

---

[3]     The relevant terms of the Guaranties are discussed more fully in the Analysis section.

## II.     STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case for which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322-23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

Where the movant bears the burden of proof at trial on the issues at hand, as is the case here, it "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995); *see also Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that unsworn pleadings do not constitute proper summary judgment evidence). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not

meet this burden. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

## III.  ANALYSIS

### A.  Defendant's Liability Under the Guaranties

To establish Defendant's liability under the Guaranties, Plaintiff must demonstrate: (1) that Plaintiff owns the Guaranties; (2) that it performed under the two notes; (3) that a condition for Defendant's liability under the Guaranties occurred; and (4) that Defendant failed or refused to perform under the Guaranties. *See Byrd v. Estate of Nelms*, 154 S.W.3d 149, 157 (Tex. App. – Waco 2004, pet. denied); *Rivero v. Blue Keel Funding, L.L.C.*, 127 S.W.3d 421, 424 (Tex. App. – Dallas 2004, no pet.). Where the terms of a guaranty are clear and unambiguous, the Court enforces the guaranty according to those terms. *See NCNB Texas Nat. Bank v. Johnson*, 11 F.3d 1260, 1266 (5th Cir. 1994).

Plaintiff has presented evidence that it owns the Guaranties as successor in interest to State Street Bank. Monique Holland, Vice President of the company that manages loans for Plaintiff, has submitted a sworn affidavit stating that Plaintiff is the successor to State Street Bank following the acquisition of the corporate trust assets of State Street Bank by U.S. Bancorp, Plaintiff's parent company. *See* Holland Affidavit, Exh. A to Plaintiff's Reply [Doc. # 33], ¶¶ 2-3. The acquisition is reported

in U.S. Bancorp's January 21, 2003 Form 8-K filing with the Securities and Exchange Commission. *See* Form 8-K, Exh. B to Plaintiff's Reply. Defendant has presented no evidence to contradict Holland's affidavit or the Form 8-K. As a result, there is no genuine issue of material fact regarding Plaintiff's ownership of the Guaranties.

It is undisputed that Plaintiff's predecessor performed its obligations under the two notes and that Defendant has refused to pay the outstanding deficiencies.

Under the terms of the Guaranties, Defendant agreed to be responsible for the "Guaranteed Obligations as a primary obligor" and to "fully perform . . . each and every term and provision hereof." *See* Guaranties, Exhs. G and H, Section 1.1. "Guaranteed Obligations" include the unpaid balance of the notes in the event of a violation of Section 4.3 of the Security Agreement. *See id.*, Section 1.2.

One of the requirements of Section 4.3 of the Security Agreements is that the Borrower not "commingle its assets with the assets" of any other person or entity or "transfer any assets to any such person or entity . . .." *See* Security Agreement, Exh. C to Renewed Motion, Section 4.3(f). Plaintiff has presented bank statements which reflect transfers between Borrower and Defendant and between Borrower and other companies owned or controlled by Defendant. *See* Banking Records, Exhs. T, U and V to Renewed Motion; Summary of Bank Statements, Exh. W to Renewed Motion. Defendant acknowledged these transfers during his deposition and conceded that he

did not know why the transfers were made. *See, e.g.,* Suttles Deposition, Exh. B to Renewed Motion, p. 181. These unexplained transfers of Borrower's assets to third parties, particularly to entities owned or controlled by Defendant, is a violation of Section 4.3(f) of the Security Agreement and, as a result, Defendant is liable pursuant to Sections 1.1 and 1.2 of the Guaranties to pay the outstanding balance of the two notes.

### B. Amount of Deficiency

The outstanding loan deficiency is the difference between the original loan deficiency and the sales price of the property at foreclosure. *See* TEX. PROP. CODE § 51.003(a). The amount of the loan deficiency can be reduced if the guarantor establishes that the fair market value of the relevant properties is greater than the sales price at foreclosure. *See* TEX. PROP. CODE § 51.003(c). In such cases, the guarantor is entitled to an offset against the deficiency in the amount by which the fair market value exceeds the sales price. *See id.* Under Texas law, as interpreted by the Court of Appeals for the Fifth Circuit, a guarantor may contractually waive any right to an offset that is provided for by § 51.003(c). *See LaSalle Bank Nat. Ass'n. v. Sleutel*, 289 F.3d 837, 842 (5th Cir. 2002).

Plaintiff has presented evidence that the unpaid balance of the $316,000 Note was $354,315.15, and the unpaid balance of the $2.9 Million Note was $3,154,139.66,

for a total original loan deficiency of $3,508,454.81. Plaintiff disagrees, but has presented no evidence that contradicts these amounts. Instead, Defendant simply states in his affidavit that the outstanding deficiency claimed by Plaintiff "does not reflect or apply as a credit 4 years of debt service in the approximate amount of $1,200,000."[4] *See* Affidavit of Tracy D. Suttles, Exh. to Response [Doc. # 31], p. 2. Defendant has produced no documentation to support this statement, and he provides no precise amount of the alleged debt service. Moreover, Defendant's affidavit statement contradicts his sworn deposition testimony that he did not know what payments had been made on the notes but that "it should be somewhere." *See* Suttles Deposition, Exh. B to Renewed Motion, pp. 157-58. Defendant's conclusory statement in his affidavit, contradicting without explanation his prior deposition testimony, does not raise a genuine issue of material fact regarding the amount outstanding on the two notes. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996); *accord Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 482 (5th Cir. 2002)*; Doe v. Dallas Ind. School Dist.*, 220 F.3d 380, 385-87 (5th Cir. 2000).

---

[4]  Plaintiff has filed a Motion to Strike Defendant's affidavit. Because the Court does not rely on any inadmissible statements in the affidavit, the Motion to Strike is **denied**.

It is undisputed that the Lender purchased the properties at a foreclosure sale on November 1, 2005, for a total credit bid of $2,615,000.00. On this basis, Plaintiff claims an outstanding deficiency of $893,454.81.

Defendant has presented evidence that the properties were appraised as of September 21, 2005, with a combined "as is" fair market value of $2,952,000.00. Defendant argues that he is entitled to an offset pursuant to § 51.003(c) for the difference between this fair market value and the credit bid at the foreclosure sale. Plaintiff argues, however, that Defendant waived his right to an offset under § 51.003(c). The Guaranties in this case provide that the Guarantor's obligations and liabilities to the Lender "shall not be reduced . . . because . . . of any existing or future offset . . . whether such offset, claim or defense arises in connection with the Guaranteed Obligations . . . or otherwise." *See* Guaranties, Exhs. G and H to Renewed Motion, Section 1.4. Although this provision does not mention statutory rights to offset generally or § 51.003(c) specifically, the language is very similar to the language in the guaranty contract in *LaSalle* and constitutes a waiver of Defendant's right to offset under § 51.003(c).

Defendant has failed to present evidence to raise a genuine issue of material fact regarding the outstanding balance due under the two notes. As a result, Plaintiff is entitled to summary judgment that the outstanding balance is $893,454.81.

## IV.     CONCLUSION AND ORDER

The uncontroverted evidence in the record establishes that Plaintiff is the current holder of the two notes at issue, and that Defendant is liable under the Guaranties to pay the outstanding deficiency of $893.454.81.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Renewed Motion for Partial Summary Judgment [Doc. # 36] is **GRANTED**.  It is further

**ORDERED** that Plaintiff's Motion to Strike Affidavit [Doc. # 33], Motion to Reinstate Pleadings [Doc. # 38], and Motion to Strike Surreply [Doc. # 38] are **DENIED**.  It is further

**ORDERED** that the docket call is **RESCHEDULED** to **4:00 p.m. on Wednesday, September 24, 2008**.  The parties must complete mediation by **August 22, 2008**.

SIGNED at Houston, Texas, this **11th** day of **August, 2008**.

Nancy F. Atlas
United States District Judge