IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U. S. BANK, N.A., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2007 |
| | § | |
| TRACY D. SUTTLES, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This action to enforce certain guaranty obligations on post-foreclosure deficiencies is before the Court on Plaintiff U.S. Bank, N.A.'s Motion for Entry of Final Judgment [Doc. # 40], to which Defendant Tracy D. Suttles filed a Response [Doc. # 41], and Plaintiff filed a Reply [Doc. # 42]. Based on the Court's review of the record and the application of governing legal authorities, the Court **grants** Plaintiff's Motion for Entry of Final Judgment.

## I.   BACKGROUND

The factual background of this case is set forth fully in the Memorandum and Order [Doc. # 39] entered August 11, 2008. Briefly, in October and November of 2000, Victoria TDS, L.P. ("Borrower") obtained loans from Morgan Guaranty Trust Company of New York ("Lender") evidenced by Fixed Rate Notes and secured by

Deeds of Trust and Security Agreements. Defendant, President of Borrower's general partner, personally guaranteed payment and performance of Borrower's obligations under the notes.  Plaintiff is the current owner of the notes, which are in default.

The Court in its August 11, 2008 Memorandum and Order granted summary judgment in favor of Plaintiff against Defendant for the outstanding deficiencies, totaling $893,454.81.  Because the summary judgment ruling did not dispose of Plaintiff's claims for waste and conversion, the Court did not enter final judgment. Plaintiff now seeks entry of final judgment for the outstanding deficiencies addressed by the summary judgment ruling, plus prejudgment interest, costs, and attorney's fees.

## II.   ANALYSIS

Defendant objects to entry of final judgment in this case because Plaintiff's waste and conversion causes of action have not been ruled on.  Plaintiff makes clear in its Reply that it only sought in this case to recover the outstanding deficiencies under the notes and is no longer pursuing its claims for waste and conversion.  As a result, those claims are dismissed as abandoned by Plaintiff.

Defendant also objects to entry of final judgment because he "anticipates filing a Motion to Reconsider."  *See* Response [Doc. # 41], p. 2.  Summary judgment was entered in this case on August 11, 2008.  A Motion to Reconsider had to be filed within ten (10) business days – by August 25, 2008 – in order to be considered

pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Any subsequently-filed Motion to Reconsider would be analyzed pursuant to the more stringent requirements of Rule 60. In any event, Defendant's plan to file a Motion to Reconsider at some point in the future does not preclude entry of Final Judgment.

Defendant also opposes entry of Final Judgment because it has not had the "opportunity at trial to cross-examine Plaintiff's counsel about the reasonableness" of his claim for approximately $145,000.00 in attorney's fees. *See* Response, p. 3. Although the amount of fees does not appear on its face to be unreasonable in this case, the Court can enter Final Judgment and retain jurisdiction to address the question of fees.

### III.  CONCLUSION AND ORDER

The Court has entered summary judgment on Defendant's liability under the Guaranties for the outstanding deficiencies. There are no remaining claims, other than the request for attorney's fees. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Entry of Final Judgment [Doc. # 40] is **GRANTED**. The Court will issue a separate Final Judgment, which shall include the deficiencies, pre-judgment interest, and taxable costs. It is further

**ORDERED** that Defendant shall file by **September 12, 2008**, any opposition to the reasonableness of Plaintiff's claim for attorney's fees.  Plaintiff shall file any reply by **September 16, 2008**.

SIGNED at Houston, Texas, this **29<u>th</u>** day of **August, 2008**.

_____
Nancy F. Atlas
United States District Judge